Noel BUTCHER, Plaintiff—Appellee

v.

SUPERIOR OFFSHORE INTERNA-
TIONAL, INC., Defendant–Third
Party Plaintiff—Appellee.

v.

Offshore Liftboats, LLC; Triumph
Marine, Inc., Third Party
Defendants—Appellants.

No. 09–30211.

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 2009.

T. Carey Wicker, III, Capitelli & Wick-
er, New Orleans, LA, for Plaintiff–Appel-
lee.

Alfred J. Rufty, III, Rufus C. Harris,
III, Cindy Galpin Martin, Jill Schultz Will-
hoft, Harris & Rufty LLC, New Orleans,
LA, for Defendant–Third Party Plaintiff–
Appellee.

Robert S. Reich, Reich, Album & Plunk-
ett L.L.C., Metairie, LA, for Third Party
Defendants–Appellants.

Before REAVLEY, CLEMENT, and
SOUTHWICK, Circuit Judges.

PER CURIAM: *

Triumph Marine, Inc. and Offshore Lift-
boats, LLC (collectively "Triumph") appeal
following the district court's summary
judgment determination that Plaintiff Noel
Butcher is not a Jones Act seaman. For
the following reasons, we AFFIRM:

1. Superior Offshore International
challenges Triumph's standing to appeal.
Its assertion that only a seaman's em-
ployer or personal representative may
appeal in a case involving a determina-
tion of Jones Act seaman status is incor-
rect. *See, e.g., Foulk v. Donjon Marine
Co.,* 144 F.3d 252, 257 (3d Cir.1998).
Triumph's standing depends on whether
it has suffered an actual or threatened
injury that may be redressed on appeal.
*See Doe v. Tangipahoa Parish Sch. Bd.,*
494 F.3d 494, 496 (5th Cir.2007) (en
banc). The district court's determina-
tion that Butcher is not a Jones Act
seaman would implicate operation of the
Longshore and Harbor Workers' Com-
pensation Act, which in turn could affect

---

* Pursuant to 5TH CIR R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Triumph's indemnity claims. *See* 33 U.S.C. § 905(b); *cf. Jenkins v. Aries Marine Corp.*, 554 F.Supp.2d 635, 641 (E.D.La.2008). Triumph therefore has standing.

2. The district court correctly determined that Butcher's connection to the vessel MAGGIE was not substantial in duration and nature. *See Chandris, Inc. v. Latsis*, 515 U.S. 347, 368, 115 S.Ct. 2172, 2190, 132 L.Ed.2d 314 (1995). Butcher was a painter/blaster. It is undisputed that all of the painting and blasting work was done on the fixed platform, which is not a vessel. *See Hufnagel v. Omega Serv. Indus.*, 182 F.3d 340, 347 n. 1 (5th Cir.1999). Although Butcher performed some tasks on board the vessel, such as occasionally filling paint pots and sweeping sand, the testimony showed these to be incidental and minor in nature. *See id.* at 347. Butcher agreed with counsel's question that he worked thirty percent of his time on board the vessel but this included time spent for meals and breaks, which does not make Butcher a seaman. *See id.* Furthermore, Butcher's testimony describing his daily activity showed that he spent less than thirty percent of his time actually working on board the MAGGIE. Therefore, he may not be considered a seaman. *See Chandris*, 515 U.S. at 371, 115 S.Ct. at 2191.

AFFIRMED.